Good morning, Your Honors. May it please the Court, Charles Ferrari on behalf of Appellants Hayday Farms and Nippon. The universe of a case is decided, well first I'd like to make a few points, reserving the remaining time for response. The universe of a case is determined by the pleadings. Here the petition sought to enforce or confirm a arbitration award solely as to FeeDx and only FeeDx. There were several parties involved in the arbitration proceedings but this particular enforcement proceeding, our confirmation proceeding, was only against FeeDx. The only parties making appearances were Hayday, Nippon, FeeDx. The only parties filing anything in this matter or making any arguments in this matter were Hayday, Nippon, and FeeDx. Therefore, the District Court lacked the jurisdiction or the authority to make or render an opinion or a decision regarding the arbitration award as to non-parties. Let me, I'm trying to understand the history of this case and work you through it. Let's assume for a moment, I'm not sure it's true, that the arbitrator entered an award against the non-FeeDx parties. Okay, it seems to me a common-sense reading of the award ought to be that it couldn't because they weren't parties to the, they weren't parties to the arbitration, they had been dismissed. But let's just assume for a moment that somehow the arbitrators entered a cost award against three people who weren't parties to the arbitration. At some point, doesn't the judicial system get to say you can't do that? Let's forget, forget all the steps we made along the way. It just seems to me if the arbitrators did that, they grossly overstepped their jurisdiction because those parties had been dismissed. So, so surely at some point along the way and now our second appeal and our second trip through the district court, somebody gets to correct this even if you think it wasn't correct, even if you can convince me it wasn't corrected by now. So tell me why, at the very least, we just shouldn't say forget the scope of the remand, forget the scope of the mandate. There was no jurisdiction to enter a cost award against three non-parties. That's a very good question, Your Honor. Thank you. Factually, I think when I said non-parties, I was referring to these proceedings, not the arbitration. I know that's what you're referring to, but they were dismissed from the arbitration, were they not? Well, they were dismissed at the end of the arbitration, not at the beginning. Okay, doesn't matter. At the point when the award was entered, they were no longer parties to the arbitration. Which, really helps focus on the issue here before you. We're not trying to get an award in this case against the non-parties. We never were trying to get an award against the non-parties. So if you're never trying to get an award against them, why don't we just clarify that you're not entitled to an award against them and everybody will go home and sing Kumbaya? Because those proceedings, quite frankly, are being determined in Taiwan, in Hong Kong, where they have personal jurisdiction over these parties, and where they are arguing the very things that are being here. I don't understand how, first of all, it wasn't raised in the prior appeal, and now, and I don't understand how your client has standing to raise their lack of personal jurisdiction in these proceedings. We're not arguing that lack of personal jurisdiction. What we're saying is the court, the courts, the district courts, it's, they're statutory. They have, they're limited jurisdiction courts. At first blush, case law instructs that the courts themselves have a duty to police whether or not they have appropriate personal jurisdiction and subject matter jurisdiction. Do you intend somewhere to try to, to try to enforce an arbitration award that awards costs against these people? My clients are attempting to enforce this award overseas by saying we were awarded costs in this arbitration, and, and therefore we want to enforce that award overseas. Correct? It needs to be clarified when it says the award. The award that is being sought isn't an award on the judgment. It's a portion of the arbitration fees and costs. That's right. That's right. And you're trying, what you'd like to do is use this arbitration award, put aside for a second whether it actually provides that. You'd like to use this arbitration award someplace outside the country to obtain a judgment against these three respondents, if I can call them that, for the costs and fees incurred during the arbitration, correct? No, that's not correct. No? So if you don't, if you don't intend to use this award for anything, why don't we just confirm that the award didn't award costs and fees against those people? Why don't we do that? I would, I would submit that that's, that's a great idea except one, this case is only about FedEx, so why don't we only address the award only as FedEx? I'm asking a practical question, and I think what concerns me is that you're evading it in a sense. Let's just forget for a moment all the technical arguments about who was in front of whom and who was not in front of whom. I can't figure out for the life of me how the arbitrators, if they wanted to, and I don't think they did, had power to issue an award of costs and fees against three parties who had been dismissed, and no one has explained to me how that could possibly happen, and so it seems to me to the extent you want us to leave this case in a status where you can take that arbitration award and use it somewhere to recover those costs and fees against someone, that strikes me as an extreme injustice. So I'm trying to figure out why in the world you think you entitled to fees and costs against three parties who were dismissed from the arbitration. We are not, I'm not trying to evade the question with due respect. What we are saying is this forum isn't the forum for those three. I understand, you may be right about that. I want to, I will think about those arguments. I'm asking a very simple question, which is that if we are the right forum, isn't that, isn't an award of fees and costs against these three people completely inappropriate? I would say that the argument is there are standards for the fees and awards which would have been argued in this case had they been parties. It's being argued... Now, I understand. Tell me what the argument would be for making fees, an award of fees and costs against three people who had been dismissed from the arbitration. Is there any, just tell me, tell me what rational basis there could be for that. Your Honor, that is an issue that was never before this court. I understand. I've asked you to assume it's in front of us. Well, I haven't briefed it. If you want me to brief that, it'd be more... I've done a bunch of research. I cannot find a case anywhere in the world that allows an award against people who are not, who were dismissed from an arbitration. So if you have such a case, it would be comforting to me. I have not researched that because it was not an issue before this court. And that's the point. That issue is being argued vehemently and aggressively by both sides in another jurisdiction. They're the ones that are briefing it. They're the ones that are addressing that issue. What's going on? Why don't we probe that a little bit? What is going on in Taiwan? I have no clue as to the status except to say that they have been briefing it and it's in Taiwan. And I believe that it's also... What are they briefing? Whether they're parties to the agreement or they owe any money to your client? I cannot answer fully except to say that they are, there's litigation pending there. The issue that's precisely in front of us is whether or not the district court complied with the mandate of our prior decision, right? That is the narrow focus, right? Issue. And if it did, if it did, then this costs award goes away. If the district court's ruling is correct, then it has told the arbitrators that they should modify the award to $20 million. They should vacate the cost award against your client, against the three respondents. No. And otherwise, that's what its order says. No, no, no, no. That's not what it said. The award said the whole award is supposed to be confirmed. The whole award. No, no. I'm looking right now at the district court's order that's in front of us. You want that order reversed, do you not? No. I mean, we should just affirm the district court's order? I want it to be modified. So you want to modify it. How do you want to change it? It's, as I said in the briefing, there's the one paragraph that is superfluous and is unnecessary if it just follows what the... Okay. So you want us to change this, take the paragraph out of the order that tells the arbitrators to vacate the award of costs against these three people, right?   Because that was never an issue here. These are not parties here. It's being determined in another jurisdiction. Forget what's being determined in another jurisdiction. I'm just trying to figure out what's going on here. What's going on here is we had an award from the arbitrators. I mean, at the first level, but I don't want to spend a bunch of time on it. I don't think the arbitrators ever awarded costs against these respondents, but let's assume they did. The district court, the first time through, says, vacate that and increase the judgment to $20 million, right? Decrease it to $7 million. I'm sorry. The first time through, the district court says, no costs against the respondents. Vacate that part of your... Doesn't it say that the first time? No, no, because there was only the one respondent. What does the first order from the district court say? Would you just read it to me? You've got it in front of you, don't you? I have it, but I would have to pull it in my notes. I think it couldn't be clearer that it meant to vacate the cost award. Cost award only as to those three non-parties, not FedEx. It didn't say, oh, the cost award against FedEx is vacated. It did not say that. It was talking about the three people. It didn't even talk about the cost award. What it said was the arbitration is vacated as to these three non-parties. Correct. Right, so any cost award against those three non-parties was vacated by the district court the first time through. Who did not have jurisdiction or authority to do so. But you never came up to us the first time through and said, wait a minute, that part of the district court's order is wrong because it lacked jurisdiction to enter it. I...  That is correct. And so what we said the first time through was, district court, you made a mistake. It should be $20 million, not $7 million. And so it seems to me that since some people were seeking to confirm or not confirm an award, that was the order to the district court. You're okay except for the $7 million. No, what the appellate court said was that there was an award, the whole award is what it said was confirmed. It reversed the decision as to the $7 million reduction. It confirms as to the appeal by Hay Day and... No, we don't confirm awards. The last language... Affirmed. Huh? Affirmed. It says we affirmed the part of the district court's order confirming the award and reversed the part of the order vacating the award and remained with instructions to confirm the whole award. The whole award, which is... But the issue, but you were correct in saying that you, am I correct in saying you never appealed to us, it was never in front of us, whether the district court erred in vacating that. Okay. Yes? And then, yes. So that was the second time through and we're raising it again. Well... So in other words, let's assume that our mandate didn't instruct, you'll get time. But in any event, this is why you're here. You're here to talk to me. No. But the point is, the point is, FedEx asked for clarification from your court regarding the award saying, hey, what about these non-parties? What, what, this makes it sound like it's... No, it didn't. That's the whole point. No, you asked for clarification from... Two and three, the second part and the third part. You did not raise before our court previously... If you let me finish my question, maybe you can answer it. Okay. So now you're back in front of us again. Okay. So let's assume for a moment that it's not clear what we told them the last time, because we get to interpret our mandate, not you. And I'm having a hard time interpreting our mandate as addressing an issue that was not raised to us. So now you're back in front of us again and you want, you want us to say what we did or what we meant to do. And why shouldn't we, at this point, forgetting all the prior history, say, okay, you're all back in front of us again. Our prior mandate may not have been precisely clear on this issue. But there's no way in the world we think an award against three non-parties can be affirmed. Well, let's go back in history, if you would indulge me for a second. After the opinion was issued by the court, Medex filed a petition for rehearing for clarification of the order on the specific issues that we are here today. We denied it. We didn't clarify it. It's of no precedential value. We just didn't grant rehearing. Well, the point is, they did a briefing and then you requested our office, my clients, to do a briefing on that issue. We both briefed it, which actually is very similar to the briefing that is before you now. And rather than doing a one-line clarification, you dismiss summarily, which is prerogative, and obviously, it was taken as is. But you agree that a denial of petition for a hearing has no precedential value. Of course. Okay. So then we get to this point. And then when the amended judgment contains that same language, we take the argument that it doesn't follow the mandate of... But we get to interpret our mandate. Correct. Correct. But then we also added that there was the issue of the court, the district court, acting outside its authority because you can... And then waiver was raised, and we responded that you cannot waive the jurisdiction issue. And that's where we are now, is we are saying that this is already being decided elsewhere. Why does the court ruling have the additional language about non-parties that was never litigated in this court? And just for a matter of clarification, when the award came out in the arbitration, I asked for clarification... But not on this issue. You asked for clarification on an entirely different issue. No, I asked... Did you mean to say seven rather than 20? No, no, no, no. I'm talking about the arbitration panel. All right. And did your motion for clarification... I asked... Wait, let me finish. Did your motion for clarification in the arbitration proceedings ask for clarification about whether costs were awarded against the three non-parties? It did. Where? Because I asked. It had a... You said, are there any typos? You didn't say... I've read that motion. You didn't say, gee, there seems to be an award against these three non-parties. Did you really mean to do that? You never said that. I pointed out the section where it had the plural, and I asked the court if they meant plural in this section, which talked about the award. I didn't specifically say, oh, are you really, really want the costs? I referred to the section... That's why I'm willing to assume for purposes of discussion that the arbitrators mistakenly and erroneously entered an award against these three parties. And you still haven't given me any reason today to think that that conclusion is wrong. And so we're now back here the second time. We get to interpret our mandate. So why don't we interpret our mandate in a way so as to do justice, rather than play around with technical stuff that leaves you open to argue in another forum that you have an arbitration award that's been, in effect, confirmed. I believe if you do that, you are creating a morass of issues in foreign jurisdictions. Good for them. But it's unnecessary, and it's a comedy, and other doctrines, they are deciding that issue. Why are we here even concerned about it? They were not parties. That's a question of myself, too. Why are we talking about it? Yes. Yes. So anyway, you're way over your head. I know, and I... It's not your fault, but let's just sit down for a second. Let's hear what the other side has to say. Okay. Thank you. Good morning. May it please the court. My name is Kelly Dove, and along with my colleague, Jason Yu, I represent FedEx. So just to cut to the chase, I think the only reason we are here today is because they want to enforce this arbitration award against those three parties. But one of the reasons that they have a good argument, or at least an argument that they can make, is that did anybody ever appeal? Anybody ever go to the district court and say, no, the award shouldn't be enforced against these three parties? Well, we briefed that in the motion to vacate that portion of the award. And so that was briefed... Were they appellants? Were they parties to the... No. Yeah, so that's why we're in this difficulty. Yeah, and why is it so important to FedEx that the award be vacated with respect to the three non-signatories? Well, they are related. So they were brought into the arbitration under an alter ego theory, and Mr. Tsai is an officer, and the two other non-parties are related subsidiaries. So it did matter to FedEx to what they saw correct that portion of the arbitration award that we think was clearly, to judge her with your point, a scrivener's error. Well, I don't know whether it's a scrivener's error or not. What I'm having difficulty with is you all, your side, didn't tee up this case for the district court in a way that it could have definitively ruled on it because they weren't parties. They weren't parties. I think it would have presented some difficulties in bringing them in as parties and then introducing them to a piece of litigation they probably really shouldn't have ever had to be involved with to begin with for those reasons. So what's your opposition to having the award modified to the extent that's something that we could even do? Why is FedEx so adamantly opposed to modifying the judgment to remove that if those three non-signatories are not parties? Modifying to take away the first part one of the judgment? Correct. Because they are related parties to FedEx, so they were protecting their interests below even though they weren't named parties. And I think overall, regardless of how that complicated question shakes out, is it was waived because this was fully decided before the prior appeal. No party appealed. Do you agree that subject matter jurisdiction can't be waived or forfeited? I agree that subject matter jurisdiction can't be waived, but I think this seems to be a personal jurisdiction issue and the prior court already determined that the district court and this court had subject matter jurisdiction over this case. Let's talk about what's happening overseas. Is there an attempt to enforce that portion of the arbitration award that awards costs against these three individuals? Yes. I do not have details about that and it's beyond the record, but yes. Certainly they're free to seek whatever they want overseas as a separate matter, but as I understand it, what's going on there is they say, well, we have an arbitration award against these three individuals that hasn't been vacated and therefore overseas tribunal you should award. We're seeking to, in effect, enforce that award here. Is that what's going on? That is my understanding, yes. I'll ask your friend that too, but I thought that's what was going on. When you say these people are related parties, in what way are they related? Well, Mr. Sy is an officer and I believe Haydex is a subsidiary. Haydex. Haydex, H-A-Y-D-X, which was one of the three. Haydex is a subsidiary of FedEx? Yes. And NEPON? NEPON is on the Hay Day side, so that's on the other side. So, it's Mr. Sy, Haydex, and FFNT that are all related to FedEx. So, FedEx sought a vacature of that portion of the award for reasons that were discussed. And the reason I don't think this was a waivable issue is because this is, I see as a personal jurisdiction issue through and through, and one that they don't have standing to waive. So, by not appealing Part 1 in the first appeal, Part 1 is completely absent from the first appeal. These parties' names aren't even mentioned in the first appeal, either by description or by name. There's nothing here that Hay Day has identified as a subject matter jurisdiction issue. I mean, the reply brief, which really goes into this for the first time, just makes a lot of general statements about jurisdiction and personal jurisdiction and subject matter jurisdiction and tribal jurisdiction over property. It doesn't identify a subject matter jurisdiction deficit. And by any other measure, this has been waived. So, if this is waivable— Did we have jurisdiction in the first appeal to do something we didn't do? In other words, could the mandate in the first appeal have said, set the award back to $20 million? Yes, you're right about vacating the award against these three. And here are the instructions to send it back. Did we have jurisdiction to do that? I think if they had raised it in the first appeal and this court had ordered— They didn't raise it in the first appeal. They didn't raise it. Right. And so that's why I think the rule of mandate is really important here, whether it's considered technical or otherwise, because the district court didn't violate the rule of mandate by doing what it did here, which was not disturbing Part 1, which the first appeal was absolutely silent about, and then fully confirming Parts 2 and 3, which was— We're dealing here with, I think, both sides. We're dealing with the rule of mandate. Right. We're not attempting to re-argue all these issues, even though I'm trying to figure them out in my own mind. So we have a mandate the first time through. Do we have the authority to interpret that mandate the second time through? Yes, and I think—I mean, it's de novo review, and I think you absolutely have that authority. And I think what's important here— So let me go farther. What if we made a mistake the first time through? What if we phrased the mandate in an incorrect way and left out the notion that because the issue of fees against these three respondents was never raised to us on appeal, the district court's order as to that should have stood? I actually—I apologize. Could we say that now? I don't think the mandate can be by itself changed from before, but I don't think you have to get there. Why not? We're interpreting the mandate. You're interpreting the mandate. But I think in interpreting the mandate, you don't have to find error here because all that was presented to the court on the first appeal was Parts 2 and 3. And the law in this circuit is very clear that the mandate isn't just the words that it says. So obviously throughout their briefing, they repeat over and over, confirm the whole award, confirm the whole award. But because Part 1 was entirely—I mean, could not have been more absent from the first appeal, and the court only discussed Parts 2 and 3, and that's all that was before them, you can't just stop at confirm the whole award. You have to look to the context of what was actually decided on appeal, and more importantly here, what was not decided on appeal. And I think this court's decisions, for example, in Kellington and Thrasher and Cote— I mean, Kellington, the court directed that the remand— that the case be remanded for sentencing—for judgment and sentencing. And the court on remand picked up and took under consideration a motion for a new trial. And on appeal from that, when the other side said, you know, you couldn't do this, the court remanded for entry of judgment and sentencing. This court found, no, that was—this motion for a new trial was outside the scope of that appeal, and so it was entirely proper to pick up. I have a question, and it's the one that— could we, the first time through, have issued an order that provides what your friend says we thought we did, he thinks we did? In other words, could we have issued an order the first time through that said change the 7 back to 20 and affirm the rest of the award as it stands? So to rule as to Part 1. Yeah, could we have issued an order the first time through dealing with the issue of costs against these three respondents? I think if it were raised, yes. Well, but it wasn't raised. But it wasn't. Did we have jurisdiction the first time through to enter an award, to deal with any portion of the award other than the portions appealed to us? I mean, I think the mandate is jurisdictional in this circuit, so it's important. You're not helping me. Could the court sua sponte have reached the first issue? I mean, I'm not sure I can say no to that, but it's— Well, see, because I think it's important to me. Your friend says, look, read the award. We said just change 7 to 20, and everything else, you ought to confirm the arbitration award. Right. And so my question is, if we really said that and really meant it, could we have done it? This is why we have comeback cases. Yeah. They should have taken the case. That's right. We're all here because three of our colleagues were too chicken to take the case back, but that's a separate issue. But could we have done that? In other words, if we could have done it, then I think his argument that the language of what we did actually did do it gets some force. So I'm trying to figure out would we have the power to order, to reverse a part of a district court order that's not appealed to us? But I think that goes against this court's jurisprudence, reinforcing that the language of the mandate needs to be read in concert with the actual opinion and the procedural history and to see if those things square. I understand that's your argument. I'm asking a very different question, and I'm not sure I'm getting an answer. Let's assume that the case was briefed and came up to us exactly the same way that it did, but the three previous people sat down and said, you know, they really ought to get costs against these three people. So we're going to issue a broad order which says change 7 back to 20 and otherwise confirm the award. Would that panel have had the power to issue that order on an issue not raised to it? I don't know the answer. I was going to say I'm not aware of any authority that would prohibit the court from sua sponte reaching an issue that wasn't raised on appeal as part of the same dispute. For parties that were not in front of it? I'm not aware of authority that would prohibit the court from doing that. So I'm not trying to dodge your question. Okay, but if it weren't prohibited from doing it, then your friend has a nice plain language argument, which is that we did it. Tell us why you don't think we did it. Right, and I think you understand my argument that we do think we're telling you that, which is plain language shouldn't just be read in a vacuum, but it needs to be read in context. And, for example, in Kellington, where the court acknowledged that usually the application of a mandate is a very uncontroversial exercise because it's clear and it's clear in the context of the case. But sometimes you have to look beyond that plain language argument, far beyond it, to see what was actually decided. And as long as what is going on at the district court doesn't conflict with what was actually decided in this court, and what was, you know, again, it was consistent with what was not decided, then the district court hasn't run afoul of that. And then on the flip side of that, in the remand, the district court actually lacks the authority to go revisit issues that were not appealed in the first appeal and therefore have become final. So the district court really would not have been on any solid footing under the rule of mandate to revisit Part 1, given that that was not appealed in the first appeal and was not altered. So the district court really followed the rule of mandate on both sides, both from following this court's instruction to confirm Parts 2 and 3, and by leaving alone the part that had not been altered on appeal. One other question about the foreign proceedings. I take it they're only about the costs and not about enforcing the $20 million arbitration award? I don't have enough knowledge about the detail of what's going on in the foreign proceedings. Now in this case, I think you're all on the same page on this, are you not? That we've ordered that the number be increased from 7 to 20, or that the original 20 in effect be restored. Yes, and the original 20 was restored. That's not an issue in front of us in this case. No, we have not further challenged the Parts 2 and 3, and we're here. So there's a $20 million arbitration award against your client. Yes, that has stood. Yes. And we're fighting about a costs award of how much? I think it was about $330,000 as to the three non-parties. So I'm guessing that you don't have to tell me the answer to this. I'm guessing that it's difficult enforcing the award against the $20 million award. I really cannot speak to that. I assume if they had $20 million in the bank, your friend wouldn't be here spending a lot of time and money chasing $300,000. But I'm just guessing. Well, I know I'm over my time. I'm happy to address any other questions. You're not over your time, but it's fine. You don't have to use all your time. Well, I would just reinforce that the idea that this is superfluous is, I think, it's disingenuous because they are seeking to confirm the whole award and then use it, and then to the extent they're raising their hand to say the district court can't bind non-parties, that's really self-refuting because they can't argue that the district court lacks jurisdiction to issue a judgment about non-parties but then seek confirmation of that same award so that it can enforce it against those non-parties. So thank you very much. Thank you, counsel. I will give you one minute. Thank you. Really quickly, they are not seeking to use this to get the award of any kind there. All right? There's never been jurisdiction by this court, the district court, regarding the non-parties. So what they're doing here is an injustice because you should have been asking them if they intend to use this judgment in that court. Well, I guess my question to you, and I'm sorry if I was pushy before on it, is that if you don't intend to use the judgment in that court either, why are we fighting about it? Because they intend to use it. This court was only for in the FedEx. But all it stands for now, under their theory of the case, is that the arbitrators just didn't make an award against their clients. Not that it was improper or whatever, it was just that it didn't make one. And you say, I don't want to use it as a sword. I'm not sure they can use it as a shield. So why don't the two of you just agree that it goes away? I don't understand. And also, there's just the fundamental fairness. They, the jurisdiction, and I disregard with, disagree with my colleague that this is a personal jurisdiction. It actually is subject matter jurisdiction because the district court took the arbitration agreement and the award and decided that it did not, the award that was given against the non-parties, did not apply to the non-parties, could not stand as to the non-parties. And here we. But you never appealed that part of his order. Or even suggested to us the first time through that the order was erroneous because he lacked jurisdiction. Yeah. And in hindsight, you know, like everything else, I would have done that, but I was more focused on the $7 million, which was erroneous. But the point being is, you don't waive it. Sure, it would have been easier. It would have been easier if the district at the Ninth Circuit had done a one-liner saying keep it in or something to that effect as well. We wouldn't be here. So we can all go back. Let's assume for a moment that nobody appealed the first judgment of the district court. Just for purposes of discussion. At that point, his order vacating the award against the respondents, the three respondents, would be law of the case. It would be a final judgment, would it not? I would have to say yes. I think so. So the real question is, did we upset that final judgment the first time through? No. I'm saying that because the case has not been concluded and still is open, there has not been a waiver. This issue, there is a – No, I understand. I think you're probably right that it hasn't been waived. I'm just trying to figure out whether it's still alive. In other words, you have a final judgment. You have a judgment that would be final on an issue, and nobody attacks that portion of the judgment on appeal. So I'm trying to figure out whether or not I could interpret our first decision as affecting that part of the judgment. Well, the United States Supreme Court case of Insurance Corporation of Ireland versus Campani de Bozzicchi di Quini. You could have stopped it before the verses. Yeah, it's 456 U.S. 694. Basically, what it says is, hey, no matter what happens, if the court doesn't have the jurisdiction, it doesn't have the jurisdiction. You could keep going along throughout the process. At some point, you need to realize the court didn't have jurisdiction. And that's what it's saying. And here, that's what we're saying is, if that's just taken out, it's always been about FedEx. I mean, FedEx, we're seeking the award, and then once it's final, we go for collection, which you're right, is probably going to be futile. But that's against FedEx. We're not going against the third parties here because they're non-parties because that's being done somewhere else. And if they're successful, they're making those arguments. They're defending those arguments. Why do we want to inject? So am I wrong? I thought we all agreed in wherever you are, Taiwan or whatever, you're seeking an award of the costs incurred in this arbitration against these three respondents, are you not? I don't even, frankly, I know that there's been litigation against Mr. Tsai. I'm not certain it's all three. I'm not certain it is asked to all three, to be honest with you. And it's not just on this. It's on other issues for Mr. Tsai. I'm not worried about other issues. You are asserting somewhere that you're entitled to enforce the original arbitration award against one or more of the individual respondents. I don't believe I know for a fact that that's true. And like you said, if you're not going to get the $24 million, what are you worrying about the 330 from the same people, basically? I don't believe it's true, Your Honor. I can't say that for a fact. I believe the focus has always been on Mr. Tsai and on FedEx. And that's what I'm saying is whether or not they're seeking it against these parties, let them do it in that jurisdiction, which has personal jurisdiction over these people, has subject matter jurisdiction over these people. Why do we want to put our thumb on something when you all and me, counsel, we don't know. We haven't litigated this particular issue to make a ruling. It wasn't ever really before anybody. And that's what I'm saying. So why, and if there's no jurisdiction here, why do we want to try to keep that in the judgment? All right. Thank you, counsel. Hay Day Farms v. FedEx is submitted. And we will take up Young v. Neocortex.
judges: WARDLAW, HURWITZ, DESAI